## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-00790/EAG |
| | * | |
| VILLEGAS RODRIGUEZ, ELISANDRA | * | CHAPTER 13 |
| xxx-xx-4332 | * | |
| | * | |
| DEBTOR | * | |

### DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

TO THE HONORABLE COURT:

COMES NOW, **ELISANDRA VILLEGAS RODRIGUEZ,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully state and pray as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated July 27, 2023, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, to increase the Plan payment ($550.00) for the last 9 months since the Debtor had an increase in her monthly income, resulting in an increased proposed Plan base of $19,801.00, in the above captioned case.**

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list (CM/ECF non-participants), hereby attached.

**RESPECTFULY SUBMITTED.** In San Juan, Puerto Rico, this 27th day of July, 2023.

/s/*Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

UNITED STATES BANKRUPTCY COURT
District of Puerto Rico, San Juan Division

In Re
**VILLEGAS RODRIGUEZ, ELISANDRA**

XXX-XX-**4332**

XXX-XX-

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 07/27/2023

Case No: **19-00790 EAG**

Chapter 13

[ ] Check if this is a pre-confirmation amended plan.

[X] Check if this is a post confirmation amended plan
Proposed by:
    [X] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.

2.1

## PART 1 Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 225.00 | 51 | 11,475.00 | Plus 2019 Tax Refund (08/17/2020) in the sum of $3,376.00. |
| 550.00 | 9 | 4,950.00 | Increase in Plan payment due to increase in the Debtor's salary. |
| Subtotals | 60 | 19,801.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[X] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Wyndham Vacation Ownership | Wyndham Vacation Time Share |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   [X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **Banco Popular PR** | **$100.00** | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*

   [ ] **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

   [X] Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| **Reliable Auto, a Division of Popular Auto LLC** | **Claim #1-1** | **1,647.40** | | | | | | | **1,647.40** |
| | | [X] To be paid in full 100% | | | | | | Starting on Plan Month _ | |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
   Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

   *Check one.*

   [X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

   OR

   [ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

   | | |
   |---|---|
   | Attorney's fees paid pre-petition: | $ **132.00** |
   | Balance of attorney's fees to be paid under this plan are estimated to be: | $ **2,868.00** |
   | If this is a post-confirmation amended plan, estimated attorney 's fees: | $ **500.00** |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

   *Check one.*
   [ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

   [X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $<u>389.69</u>

   | Name of priority creditor | Estimate amount of claim to be paid |
   |---|---|
   | IRS, Claim No. 4-2 | 389.69 |

   *Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

   *Check one.*
   [ ] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

   [X] The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

   | Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
   |---|---|---|---|---|
   | Reliable Auto a Division of Popular Auto LLC, Claim No. 1-1 | Eastern America Insurance | 02/15/2019 | 45.00 Disbursed by: [X] Trustee [ ] Debtor(s) | 877.50 |

   *Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

   Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

   *Check all that apply.*

   [ ] The sum of $ _____.

   [ ] _____% of the total amount of these claims, an estimated payment of $ _____.

   [X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   [ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory

contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

### 7.1 Property of the estate will vest in the Debtor(s) upon

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

### 7.2 Plan distribution by the trustee will be in the following order:
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

### 8.1 Check "None" or list the nonstandard plan provisions

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa Carrasquillo  Date July 27, 2023
_____
Signature of attorney of Debtor(s)
RFIGUEROA-CARRASQUILLO LAW OFFICE PSC

Date

_____  Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          PRA RECEIVABLE MANAGEMENT LLC       RELIABLE AUTO A DIVISION OF POPULAR AUTO LLC
0104-3                                   POB 41067                           PO BOX 21382
Case 19-00790-EAG13                      NORFOLK, VA 23541-1067              SAN JUAN, PR 00928-1382
District of Puerto Rico
Old San Juan
Thu Jul 27 09:48:18 AST 2023

US Bankruptcy Court District of P.R.     Att Services                        Banco Popular de Puerto Rico
Jose V Toledo Fed Bldg & US Courthouse   PO Box 192830                       Bankruptcy Department
300 Recinto Sur Street, Room 109         San Juan, PR 00919-2830             PO Box 366818
San Juan, PR 00901-1964                                                      San Juan, PR 00936-6818


Citibank, N.A.                           Citicards Cbna                      Dept of Education/Neln
701 East 60th Street North               PO Box 6241                         121 S 13th St
Sioux Falls, SD 57104-0432               Sioux Falls, SD 57117-6241          Lincoln, NE 68508-1904


EASTERN AMERICA INSURANCE COMPANY        EMP. BERRIOS INC.                   First Premier Bank
PO BOX 9023862                           PO BOX 674                          3820 N Louise Ave
SAN JUAN, PR 00902-3862                  CIDRA, PR 00739-0674                Sioux Falls, SD 57107-0145


IRS                                      Island Finance                      (p)JEFFERSON CAPITAL SYSTEMS LLC
PO Box 7346                              PO Box 71504                        PO BOX 7999
Philadelphia, PA 19101-7346              San Juan, PR 00936-8604             SAINT CLOUD MN 56302-7999


LVNV Funding, LLC                        MONEY EXPRESS                       Money Express
Resurgent Capital Services               CONSUMER SERVICE CENTER             PO Box 9146
PO Box 10587                             BANKRUPTCY DIVISION (CODE 248)      San Juan, PR 00908-0146
Greenville, SC 29603-0587                PO BOX 9146 SAN JUAN PR 00908-0146


PayPal Credit CVSC/SYNCB                 (p)PORTFOLIO RECOVERY ASSOCIATES LLC Premier Bankcard, Llc
PO Box 960080                            PO BOX 41067                        Jefferson Capital Systems LLC Assignee
Orlando, FL 32896-0080                   NORFOLK VA 23541-1067               Po Box 7999
                                                                             Saint Cloud Mn 56302-7999


RELIABLE AUTO, A DIVISION OF POPULAR AUTO LL  SYNCHRONY BANK                 Synchrony Bank
PO BOX 21382                             c/o Weinstein & Riley, PS           c/o PRA Receivables Management, LLC
SAN JUAN, PR 00928-1382                  2001 Western Ave., Ste 400          PO Box 41021
                                         Seattle, WA 98121-3132              Norfolk VA 23541-1021


Synchrony Bank                           Thd/Cbna                            U.S. Department of Education C/O Nelnet
c/o of PRA Receivables Management, LLC   PO Box 6497                         121 South 13th Street, Suite 201
PO Box 41021                             Sioux Falls, SD 57117-6497          Lincoln, NE 68508-1911
Norfolk, VA 23541-1021


U.S. Small Business Administration       Wyndham Vaca                        (p)WYNDHAM CONSUMER FINANCE INC
PO Box 740192                            10750 W Charleston Blvd             P O BOX 97474
Atlanta, GA 30374-0192                   Las Vegas, NV 89135-1048            LAS VEGAS NV 89195-0001
```

ELISANDRA VILLEGAS RODRIGUEZ
1121 BERKLEY LN.
WINTER HAVEN, FL 33880-7146

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541

Wyndham Vacation Ownership
10750 W Charleston Blvd
Las Vegas, NV 89135-1048

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33